Claudell Earl MARTIN,
Plaintiff–Appellant,

v.

LOADHOLT, Defendant–Appellee.

No. 15–15750

United States Court of Appeals,
Ninth Circuit.

Submitted August 16, 2016 *

Filed August 25, 2016

Claudell Earl Martin, San Diego, CA, Pro Se.

Misha Igra, Esquire, Supervising Deputy Attorney General, Sacramento, CA.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges

MEMORANDUM **

Claudell Earl Martin, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Martin failed to raise a genuine dispute of material fact as to whether defendant Loadholt took an adverse action against Martin because of his protected conduct. *See id.* at 1035 (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (an adverse action taken before an inmate's protected conduct does not demonstrate retaliatory motive); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient.").

The district court did not abuse its discretion in denying Martin's motion for reconsideration because Martin did not demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (setting forth standard of review and bases for granting motion for reconsideration under Fed. R. Civ. P. 59(e)).

We reject as without merit Martin's contentions that the district court failed to consider both his evidence and objections to the magistrate judge's findings and recommendations.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.